**CV 03 6193**

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BETTY SIMMONS,

        Plaintiff(s),

-against-

ADVANCED TECHNOLOGIES, and MASTEC,

        Defendant(s).
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**



WEINSTEIN, J.
POHORELSKY, M.J.

Plaintiff, by her attorneys, **DRABKIN AND MARGULIES**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF BETTY SIMMONS

1. That at all times herein mentioned, the Plaintiff was, and still is, a resident of the County of Richmond, State of New York and resides at 54 Adams Avenue, Staten Island, New York.

2. That this action falls within one or more of the exceptions set forth in CPLR §1602.

3. At all times relevant and material herein, the Defendant **ADVANCED TECHNOLOGIES** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. At all times relevant and material herein, the Defendant **ADVANCED TECHNOLOGIES** was and still is a foreign corporation authorized to do business in the State of New York.

5. That at times hereinafter mentioned, Defendant **ADVANCED TECHNOLOGIES** maintained a principal place of business in the county of located at 45 Route 46 East, Suite 604, Pine Brook, New Jersey 07058.

6. At all times relevant and material herein, the Defendant **MASTEC** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. At all times relevant and material herein, the Defendant **MASTEC** was and still is a foreign corporation authorized to do business in the State of New York.

8. That at times herein mentioned, Defendant **MASTEC** maintained a principal place of business in the county of located at 45 Route 46 East, Suite 604, Pine Brook, New Jersey 07058.

9. That at all times herein mentioned, non-party **DIRECTV** entered into an agreement and contract with Defendant **ADVANCED TECHNOLOGIES** by which the later was to provide certain work, labor, services and material to the former as the general contractor with respect to certain work, repairs, construction and renovations to be conducted at the structure located at 977 Nugent Avenue, Staten Island, New York.

10. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **ADVANCED TECHNOLOGIES** was hired and/or retained to act as the general contractor for the construction, renovation, alteration and/or repair of premises located at 977 Nugent Avenue, Staten Island, New York in the county of Richmond, State of New York.

11. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **ADVANCED TECHNOLOGIES** was hired and/or retained to act as the construction

manager for the construction, renovation, alteration and/or repair of premises located at 977 Nugent Avenue, Staten Island, New York in the county of Richmond, State of New York.

12. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **ADVANCED TECHNOLOGIES** was hired and/or retained to act as the contractor for the construction, renovation, alteration and/or repair of premises located at 977 Nugent Avenue, Staten Island, New York in the county of Richmond, State of New York.

13. That at all times herein mentioned, the non-party **DIRECTV** entered into an agreement and contract with Defendant **ADVANCED TECHNOLOGIES** by which the latter was to provide certain work, labor, services and material to the former as the general contractor with respect to certain construction work, labor and services with respect to the construction of the premises located at 977 Nugent Avenue, Staten Island, New York in the County of Richmond, State of New York.

14. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **ADVANCED TECHNOLOGIES** was hired and/or retained pursuant to a written contract and/or agreement.

15. That at all times hereinafter mentioned, and on, or prior to, August 6, 2003, the non-party **DIRECTV** hired and/or retained **ADVANCED TECHNOLOGIES** to perform work at the aforesaid premises.

16. That **ADVANCED TECHNOLOGIES** was hired and/or retained pursuant to a written contract or agreement.

17. That at all times mentioned herein, and on, or prior to August 6, 2003, non-party **DIRECTV** and its agents, servants and/or employees, hired and/or retained, Defendant **ADVANCED TECHNOLOGIES** to perform work at the aforesaid premises.

18. That at all times herein mentioned, non-party **DIRECTV** entered into an agreement and contract with Defendant **MASTEC** by which the later was to provide certain work, labor, services and material to the former as the general contractor with respect to certain work, repairs, construction and renovations to be conducted at the structure located at 977 Nugent Avenue, Staten Island, New York.

19. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **MASTEC** was hired and/or retained to act as the general contractor for the construction, renovation, alteration and/or repair of premises located at 977 Nugent Avenue, Staten Island, New York in the county of Richmond, State of New York.

20. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **MASTEC** was hired and/or retained to act as the construction manager for the construction, renovation, alteration and/or repair of premises located at 977 Nugent Avenue, Staten Island, New York in the county of Richmond, State of New York.

21. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **MASTEC** was hired and/or retained to act as the contractor for the construction, renovation, alteration and/or repair of premises located at 977 Nugent Avenue, Staten Island, New York in the county of Richmond, State of New York.

22. That at all times herein mentioned, the non-party **DIRECTV** entered into an agreement and contract with Defendant **MASTEC** by which the latter was to provide certain work,

labor, services and material to the former as the general contractor with respect to certain construction work, labor and services with respect to the construction of the premises located at 977 Nugent Avenue, Staten Island, New York in the County of Richmond, State of New York.

23. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant MASTEC was hired and/or retained pursuant to a written contract and/or agreement.

24. That at all times hereinafter mentioned, and on, or prior to, August 6, 2003, the non-party DIRECTV hired and/or retained MASTEC to perform work at the aforesaid premises.

25. That Defendant MASTEC was hired and/or retained pursuant to a written contract or agreement.

26. That at all times mentioned herein, and on, or prior to August 6, 2003, non-party DIRECTV and its agents, servants and/or employees, hired and/or retained, Defendant MASTEC to perform work at the aforesaid premises.

27. That at all times herein mentioned, Defendant ADVANCED TECHNOLOGIES entered into an agreement and contract with Defendant MASTEC by which the later was to provide certain work, labor, services and material to the former as the general contractor with respect to certain work, repairs, construction and renovations to be conducted at the structure located at 977 Nugent Avenue, Staten Island, New York.

28. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant MASTEC was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation and/or alteration of premises located at 977 Nugent Avenue, Staten Island, New York in the county of Richmond, State of New York.

29. That at all times herein mentioned, Defendant **ADVANCED TECHNOLOGIES** entered into an agreement and contract with Defendant **MASTEC** by which the latter was to provide certain work, labor, services and material to the former as the general contractor with respect to certain construction work, labor and services with respect to the construction of the premises located at 977 Nugent Avenue, Staten Island, New York in the County of Richmond, State of New York.

30. That at all times herein mentioned, and on, or prior to, August 6, 2003, the Defendant **MASTEC** was hired and/or retained pursuant to a written contract and/or agreement.

31. That at all times hereinafter mentioned, and on, or prior to, August 6, 2003, the Defendant **ADVANCED TECHNOLOGIES** hired and/or retained **MASTEC** to perform work at the aforesaid premises.

32. That Defendant **MASTEC** was hired and/or retained pursuant to a written contract or agreement.

33. That at all times mentioned herein, and on, or prior to August 6, 2003, Defendant **ADVANCED TECHNOLOGIES** and its agents, servants and/or employees, hired and/or retained, Defendant **MASTEC** to perform work at the aforesaid premises.

34. That at all times hereinafter mentioned, and on, or prior to August 6, 2003, the Defendants, their agents, servants and/or employees, were engaged in performing construction work, labor and/or services upon the premises located at 977 Nugent Avenue, Staten Island, New York.

35. That the Defendants their agents, servants and/or employees, had the duty to provide the Plaintiff with a safe place to work.

36. That the Defendants, their agents, servants and/or employees, had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

37. That on August 6, 2003, the Plaintiff **BETTY L. SIMMONS** was an employee of Richmond Digital, 3625 Richmond Avenue, Staten Island, New York.

38. That on August 6, 2003, the non-party Richmond Digital, had a contract and/or performed work on behalf of defendants **ADVANCED TECHNOLOGIES** and/or **MASTEC** at 977 Nugent Avenue, Staten Island, New York.

39. That on or about August 6, 2003, while the Plaintiff **BETTY SIMMONS** was lawfully and carefully working upon said building she was caused to sustained the injuries hereinafter set forth solely and wholly as a result of the negligence of the Defendants, their agents, servants and/or employees, as aforesaid.

40. That at all times hereinafter mentioned, and on, or prior to, August 6, 2003, the Defendants, their agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 977 Nugent Avenue, Staten Island, New York in the County of Richmond, State of New York.

41. That the Defendants, their agents, servants and/or employees had a duty to provide the Plaintiff with a safe place to work.

42. That the Defendants, their agents, servants and/or employees had a non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

43. That on August 6, 2003, while Plaintiff **BETTY L. SIMMONS** was lawfully and carefully working upon the roof at the aforesaid premises, she was caused to fall by reason of the negligence of the Defendants, their agents, servants and/or employees in the ownership, operation, direction, supervision,

7

possession, control, construction, rehabilitation and/or alteration of the said premises and Plaintiff sustained the injuries hereinafter alleged.

44. That the Defendants, their agents, servants and/or employees were negligent, careless and reckless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the Plaintiff with a safe place to work; and the Defendants were otherwise negligent, reckless and careless.

45. That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

46. That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

47. That by reason of the foregoing, the Plaintiff has been rendered sick, sore, lame, maimed and disabled and so remains. That she has been unable to attend to her usual vocation and activities and that she has been obliged to expend, and will expend in the future, sums of money for medical aid and attention, and that by reason of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF BETTY L. SIMMONS

48. Plaintiff BETTY L. SIMMONS repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, with the same force and effect as though set forth at length herein.

49. That on August 6, 2003, there existed in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

50. That by reason of the negligence of the Defendants as aforesaid, the said Defendants violated Section 200 of the Labor Law of the State of New York.

51. That by reason of the foregoing, the Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF BETTY L. SIMMONS

52. Plaintiff **BETTY L. SIMMONS** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action, together with the same force and effect as though set forth at length herein.

53. That on August 6, 2003, there existed in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

54. That by reason of the negligence of the Defendants as aforesaid, the said Defendants violated Section 240 of the Labor Law of the State of New York.

55. That by reason of the foregoing, the Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF BETTY L. SIMMONS

56. Plaintiff **BETTY L. SIMMONS** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action, together with the same force and effect as though set forth at length herein.

57. That on August 6, 2003, there existed in full force and effect, within the State of New York, Section 241 (6) of the Labor Law of the State of New York and sections 12 NYCRR §23-1.7 (b), (d), 12 N.Y.C.R.R. § 23-1.21 (a), (b) (3) (4) (i) (ii) (iv), (5), (10) (e) (2) (3) of the New York State Industrial Code.

9

58.  That by reason of the negligence of the Defendants as aforesaid, the said Defendants violated Section 240 of the Labor Law of the State of New York.

59.  That by reason of the foregoing, the Plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on the first Cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, on the second Cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, on the third Cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, on the fourth Cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated:  New York, New York
        December 3, 2003

Yours, etc.

RALPH J. DRABKIN
DRABKIN AND MARGULIES
Attorneys for Plaintiff BETTY SIMMONS
291 Broadway
New York, New York 10007
(212) 964-3400
Our File No. T6609

## ATTORNEY'S VERIFICATION

   RALPH J. DRABKIN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

   I am an attorney at DRABKIN AND MARGULIES, attorneys of record for Plaintiff(s),

BETTY SIMMONS. I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

   The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED:   New York, New York
         December 3, 2003

                              _____
                              RALPH J. DRABKIN

11